

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# USA v. Gormley

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gormley" (2007). 2007 Decisions. Paper 669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3132

———

UNITED STATES OF AMERICA

v.

LAURENCE GORMLEY,

<u>Appellant</u>

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. No. 04-cr-00600
District Judge: Hon. Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)

July 12, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>.

(Filed July 31, 2007)

ALDISERT, <u>Circuit Judge</u>.

Laurence Gormley appeals the District Court's order denying his Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255. Gormley complains that, during sentencing, his attorney failed to object to a five-level enhancement under U.S.S.G. § 2G2.2(b)(2)(B). He now asks this Court to reverse the ruling of the District Court and grant resentencing on the ground of ineffective assistance of counsel. We conclude that Gormley's argument lacks merit and, accordingly, we will affirm the judgment of the District Court and deny the request for a new sentencing hearing.

**I.**

The parties are familiar with the facts and proceedings, so we will only briefly revisit them here. On September 28, 2004, a grand jury in the Eastern District of Pennsylvania charged Laurence Gormley with two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). Four months later, Gormley chose to enter into a guilty plea before District Judge Petrese Tucker. During the plea hearing, the District Court warned Gormley:

> [I]f the case went to trial, the government would present witnesses. In the case of a guilty plea the government reads a summary of what the evidence would show if the case goes to trial. If you decide to plead guilty, you will be pleading guilty to the evidence as summarized by the assistant U.S. attorney, so it is important that you listen to what she reads.

App. 42. Gormley acknowledged that he understood the District Court's instruction.

The government then detailed how Gormley admitted to possessing thousands of still images and dozens of videos containing child pornography. The recitation of the evidence also described how Gormley used his home computer to transmit images of child pornography through Internet chat rooms. The government concluded with the following: "Gormley distributed these materials for reciept and expectation of receipt of a thing of value but not for pecuniary gain." App. 45a. Immediately thereafter, Gormley pleaded guilty.

At the start of the sentencing phase, the presentence investigation report ("PSR") prepared by the Probation Office recommended enhancing Gormley's sentence under U.S.S.G. § 2G2.2(b)(2)(B). This section, which pertains to "material involving the sexual exploitation of a minor," provides for a five-step increase in the offense level where the conviction involves the "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." Id. Put simply, the government sought to enhance Gormley's sentence because he traded pornographic images of children online.

Before the sentencing hearing, defense counsel reviewed the PSR with Gormley, and Gormley did not dispute its findings within the statutorily-mandated period. See Rule

3

32(f), Federal Rules of Criminal Procedure (stating that a party must communicate in writing to the probation officer "any objections . . . to material information . . . contained in or omitted from the report" within 14 days of receiving the presentence investigation report). At sentencing, neither Gormley nor his lawyers objected to the enhancement and, accordingly, the District Court imposed a five-level increase to the offense level under U.S.S.G. § 2G2.2(b)(2)(B). Judge Tucker then calculated Gormley's sentencing range at 121 to 151 months, based on a criminal history score of I and an offense level of 32. The District Court ultimately sentenced Gormley to 120 months of imprisonment.

Unsatisfied with the outcome of the hearing, Gormley executed a habeas corpus motion, claiming that he was denied the effective assistance of counsel at sentencing. Specifically, Gormley argued that his counsel should have objected to the five-level enhancement under U.S.S.G. § 2G2.2(b)(2)(B) because "the evidence did not establish that [he] distributed pornographic material in exchange for something of value." App. 96a. The District Court originally denied the petition, as well as a request for a certificate of appealability ("COA"). Upon reconsideration, however, Judge Tucker granted the request for the COA pursuant to 23 U.S.C. § 2253. We now have jurisdiction under 18 U.S.C. § 1291 and review the District Court's legal conclusions de novo. See United States v. Cepero, 224 F.3d 256, 258 (3d Cir. 2000).

**II.**

Gormley presents one issue on appeal. He contends that his attorney's failure to

4

object to the five-level sentencing enhancement violated his Sixth Amendment right to effective counsel. The law in this area is well-settled. We analyze ineffective assistance claims under the two-step analysis set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Gormley must first demonstrate that his attorney's performance was deficient. Id. at 687. The standard for attorney performance is "reasonably effective assistance," or "reasonableness under prevailing professional norms." Id. at 687, 688. Under the second step of the Strickland analysis, Gormley must show that his attorney's deficient performance prejudiced the outcome of his case. We ask whether a "reasonable probability" exists that counsel's unprofessional errors affected the outcome of the proceeding. Id. at 694.

With these teachings in mind, we turn to the facts of the case at hand. Gormley contends that his counsel's failure to object to the sentencing enhancement under U.S.S.G. § 2G2.2(b)(2)(B) amounts to constitutional ineffectiveness because there was no factual basis to conclude that he traded pornographic images online. See Jansen v. United States, 369 F.3d 237, 244 (3d Cir. 2004) ("Where defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance."). We do not agree. At his plea colloquy Gormley did not contest the factual recitation by the Government, which included the allegation of his trading pornographic files. Moreover, before sentencing, Gormley did not object to the statement of facts in the PSR alleging that he traded material through the internet. See Rule 32(f),

Federal Rules of Criminal Procedure;[1] Rule 32(i)(3)(A), Federal Rules of Criminal Procedure (a sentencing court may accept any undisputed portion of the PSR as a finding of fact); United States v. Campbell, 295 F.3d 398, 406 (3d Cir. 2002) (same). We also note that the government was prepared to offer evidence demonstrating that child pornographers, such as Gormley, rely on trading images in internet chat rooms to acquire new pictures and videos. Consequently, we think Gormley's attorney made a reasonable tactical decision to focus his efforts on matters other than the enhancement under U.S.S.G. § 2G2.2(b)(2)(B).

Even if we found that Gormley had satisfied the first part of the Strickland test, his petition would still fail. Nowhere does he show that his counsel's alleged mistake affected the outcome of his sentence. That is, Gormley fails to demonstrate a reasonable probability that the District Court would have lifted the proposed enhancement if his attorney had objected. See Strickland, 466 U.S. at 694. Gormley offers no argument to rebut the contention in the PSR that he traded illegal pornographic material. He puts forth no basis for concluding that his distributions of child pornography were merely gratuitous or that he only received images. Accordingly, Gormley can not demonstrate the prejudice necessary to satisfy the second prong of the Strickland test.

* * * * * *

---

[1] Rule 32(f) provides that a party must communicate in writing to the probation officer "any objections . . . to material information . . . contained in or omitted from the report" within 14 days of receiving the presentence investigation report.

6

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.